**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Pastor Rich Penkoski, Warriors For Christ DC Chapter, Chris Sevier Esq., De Facto Attorneys General DC Division, Tex Christopher, Special Forces Of Liberty DC Chapter,** <br> **(Plaintiffs)** <br><br> **V.** <br><br> **Muriel Bowser, In her official capacity as Mayor of the District Of Columbia (Defendant)** | **1:20-cv-01519-TNM** |

**RESPONSE IN CONTINUING OPPOSITION TO THE DEFENDANT'S MOTION FOR EXTENDED TIME**

      NOW COMES the Plaintiffs, jointly and briefly, in response in continuing opposition to the Defendant's motion for extension of time.[1]  The Plaintiffs submit this response - which may be overkill - to preserve the record and to address some housekeeping matters to help the case run as smoothly as possible. The Plaintiffs at no time will support the Defendant's request for extension of time for filing this action where time is of the essence.[2]

      There are several reasons why delay is unwelcome and this case should be expedited in every respect.  <u>First</u>, the Plaintiffs asked the Defendants prior to filing their TRO if the

---

[1] This response is moot because the Court denied Defendant's motion for extended time, without prejudice. But for the record the Plaintiffs submit their response.

[2] On July 2, 2020, Defense Counsel asked the Plaintiffs for permission to extend her filing deadline, the Plaintiffs denied the request for reasons set forth in this response, and the Defendant failed to indicate that fact her motion.

Defendant would agree to remove the "BLACK LIVES MATTER = DEFUND THE POLICE" banner on 16th Street and to not construct any more unlawful or unconstitutional murals while the case was pending. The Defendant rejected their Plaintiffs' informal request.

Second, at a hearing on June 18, 2020 on TRO, the Court asked the Defendant if she would be willing to not construct any more illegal or unconstitutional murals while the case was pending. The Mayor refused the offer. Instead, on June 19, 2020, one day after the hearing on a TRO, the Defendant authorized 51 new murals to be constructed, an act of defiance that defies conscionability. (see Part V of Sevier's memorandum in support of a motion for a permanent injunction DE #22). (DE #22). The timing was not a coincidence. *Id*. Defendant Bowser has unequivocally weaponized the Department of Public Works and MuralsDC in an unprecedented way to wage war on the President of the United States and the Constitution itself. (See DE # 22). The Plaintiffs have warned the Defendant, through her Counsel, that if such abuse continues that the Plaintiffs may have no choice but to seek reconsideration of the motion for a TRO pursuant to FRCP 59(e) based on a volume of new evidence, but the Plaintiffs are reluctant to do that because they simply want a final determination in these matters, as fast as humanly possible.[3]

Third, the Defendant has had adequate notice of unlawful and unconstitutional wrongdoing.  Defendant was served a copy of the complaint (DE #1)  in this case on June 12, 2020, thirty-one days after the Defendant's first response deadline was set. (See DE # 6)  Of the

---

[3] Typically, the District of Columbia permits 6 to 8 murals to be constructed a year. The evidence of abuse of power and the disregard of procedure by the Mayor of DC is outrageous. Her conduct in this controversy has been nothing short of monstrous. The request for delay is not asked in good faith.  Just as Mayor intended to send a "go to hell" message to President Trump by constructing the BLM banner on the 16th, the evidence shows that the Mayor intended to send the same kind of message to the Court by her decision to ignore all procedure and authorize 51 new murals to be created on June 19, 2020.

three memorandum filed in support of the motions for permanent injunctions by the Plaintiffs on June 29, 2020, Plaintiff Penkoski's memorandum is nearly identical to the memorandum filed in support of the motion for TRO that was filed on June 17, 2020, (twenty-six days after the Defendant's response was due). (See DE # 10 and DE # 20).  The only real difference is that the new memorandum is supported by new testimony provided by the Coalition of Multi-Racial Pastors. (See DE 23).  The Coalition of Multi-Racial Pastors provides expert testimony on why Secular Humanism is a religion and how BLM is a denominational sect is inseparably linked to that religion. Of course, while there are multiple grounds that the Defendant can be held to account under, the Plaintiffs intend to fully prove the Mayor's violation of the Establishment Clause because they believe that she is more guilty of that provision of the Constitution than any other.

Fourth, the Defendant calls the Plaintiffs pleadings "unexpectedly voluminous" in her prayer for extended time, (See DE # 26) but the pleadings are within the jurisdictional pleading limits set by the local rules.  (See DE # 18, 20, 22).

Fifth, delay is unwelcomed because other groups are starting to file lawsuits against the Mayor's office regarding the "BLACK LIVES MATTER = DEFUND THE POLICE" on 16th Street exclusively for viewpoint discrimination. See *Judicial Watch v. Bowser*, 1:20-cv-01789-TSC (D.D.C 2020).  To quote the complaint of a recently filed lawsuit by Judicial Watch against the Mayor concerning the BLACK LIVES MATTER banner, "[the Supreme Court has found that even a two delay in cases like this "may be of crucial importance." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 182 (1968) (internal quotation omitted).  The Plaintiffs in this case are not necessarily seeking the same relief that the Judicial

Watch litigants seek. The Plaintiffs in this case, unlike their friends at Judicial Watch, argue that municipal regulations and DC Code prohibit everyone from painting any mural on the streets in the historic district. (See DE # 18, 20, 22)  The Plaintiffs are not necessarily asking that a new mural be unlawfully constructed. The Plaintiffs are asking that the existing unlawful "BLACK LIVES MATTER = DEFUND THE POLICE", mural, which was painted in the official colors of the Black Lives Matter Global Network, be temporarily modified to read "LIVES MATTER" or "[ALL] LIVES MATTER" and repainted in the neutral colors of red, white, and blue so that it will at least be Constitutional. After 45 days in its newly modified form, the Plaintiffs are asking that the mural be taken down permanently and that no new street mural ever be constructed on 16th Street again.  "District courts have broad authority in crafting equitable remedies such as injunctions." *Conn. Office of Prot. & Advocacy For Persons With Disabilities v. Hartford Bd. of Educ.*, 464 F.3d 229, 245 (2d Cir. 2006)(citations omitted); See also, *Wagner v. Taylor*, 836 F.2nd 566 (D.C. Cir 1987).  The only reason why the Plaintiffs are even asking that the existing mural be temporarily modified before being completely removed is because the Plaintiffs want to actually deter the Mayor and other Mayors from engaging in these kinds of unlawful political games in the future.  The Mayors job is to enforce Municipal Regulations and DC Code and to uphold the Constitution of the United States, not violate them.

HOUSEKEEPING MATTER

In terms of scheduling, because time of so of the essence in this action, the Plaintiffs will quickly file reply briefs to any response floated by the Defendant.  At the Court's discretion, oral argument on the motions may not be necessary, and a decision on the pleadings could be

rendered. However, if oral argument would be helpful, the Plaintiffs will press for an immediate

hearing - whether by telephone or in person. The Plaintiffs are more than ready.

In terms of Pro Hace Vice, the Plaintiffs have a motion prepared for Attorneys Greg

Degeyter and Cynthia Burris of De Facto Attorneys Generals to appear on behalf of Pastor

Penkoski and Plaintiff Christopher. However, the Plaintiffs will likely not submit their motion

until a final decision is rendered or just prior to oral argument - if oral argument would be helpful

- because the Plaintiffs in no way want to slow a rapid decision from being reached.

All technicalities aside, DC continues to burn and boil in the wake of the Mayor's

endorsement of the Black Lives Matter Global Network.   Mayor Bowser is completely out of

control in using her office to impose an unconstitutional and dangerous agenda. Other Mayors in

other cities are following her horrific leadership. For these reasons and others, the Plaintiffs

submit this response in opposition to the Defendant's request for delay so that she can continue

to get away with verified violations of municipal regulations, DC Code, and multiple provisions

of the United States Constitution.


/s/Chris Sevier Esq./
DE FACTO ATTORNEYS GENERAL
DC residential address deleted for safety reasons
Mailing address:
4301 50th St.
Suite 300, #2009
Washington, DC 20816
(615) 500-4411
ghostwarsmusic@gmail.com
www.humantraffickingpreventionact.com
www.stopsocialmediacensorshipact.com
www.stopguiltbyaccusationact.com
www.disentanglementact.com
www.lifeappropriationact.com

/s/Pastor Rich Penkoski/
WARRIORS FOR CHRIST
Mailing address:
4301 50th St.
Suite 300, #2009
Washington, DC 20816
(615) 500-4411
(931) - 881 - 8504
pastor@wfcchurch.org
https://www.wfcchurch.org/
https://www.facebook.com/RealWarriorsforChrist/
DC residential address deleted for safety reasons
(To Be Represented by Counsel Pro Hac Vice)

/s/Tex Christopher/
SPECIAL FORCES OF LIBERTY
Mailing address:
9 Music Square South
Nashville, TN 37203
(615) 500-4411
(832) 233-8879
creditrepairtex@gmail.com
DC residential address deleted for safety reasons
(To Be Represented by Counsel Pro Hac Vice)


### CERTIFICATEOF SERVICE

A true copy of the foregoing was emailed through ECF and mailed to the following address on July 4, 2020: Pamela A. Disney, OUTTEN & GOLDEN, LLP, 601 Massachusetts Avenue, Suite 200W, Washington, DC 20001, (202) 847-4417, Email: pamela.disney@dc.gov; Gavin Noyes Palmer, OFFICE OF THE ATTORNEY GENERAL/DISTRICT OF COLUMBIA, 441 4th Street NW, Washington, DC 20001, (202) 805-7440 Email: gavin.palmer@dc.gov

/s/Chris Sevier Esq./