UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RICH PENKOSKI**, *et al.*,

                Plaintiffs,

                v.

**MURIEL BOWSER**,

                Defendant.

Case No. 20-cv-01519 (TNM)

## ORDER

On July 13, 2020, Defendant in the above-captioned case filed a Cross-Motion for Summary Judgment. *See* ECF No. 29. This motion, if granted, would end the lawsuit. Plaintiffs Rich Penkoski, Chris Sevier, and Tex Christopher are proceeding *pro se*.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 457 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7, parties, such as Plaintiffs, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. *See* Fed. R. Civ. P. 56(c), (e); LCvR 7(b), (h). For these purposes, a verified complaint shall serve as an affidavit. The relevant sections of Rule 56 and LCvR7 are reproduced below.

The Court is aware that Plaintiffs have already responded to Defendant's Cross-Motion for Summary Judgment and have provided extensive exhibits. *See* ECF Nos. 30, 32, 33. But, in light of this warning, the Court advises Plaintiffs that they may supplement their briefs in opposition to Defendant's Motion with any additional information necessary

1

to rebut the moving party's affidavits **on or before August 11, 2020**. Any factual assertions to which Plaintiffs do not respond, the Court may consider conceded.

The Clerk of the Court shall mail a copy of this Order to Plaintiffs' addresses of record.

**SO ORDERED.**

Dated: August 4, 2020                          TREVOR N. McFADDEN
                                               United States District Judge

## RULE 56(c) and (e)

(C) PROCEDURES.

(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

. . . .

(E) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT.  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

## LCvR 7

## MOTIONS

(a) STATEMENT OF POINTS AND AUTHORITIES.

Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts. If a table of cases is provided, counsel shall place asterisks in the margin to the left of those cases or authorities on which counsel chiefly relies.

(b) OPPOSING POINTS AND AUTHORITIES.

Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

(c) PROPOSED ORDER.

Each motion and opposition shall be accompanied by a proposed order.

. . . .

(e) PAGE LIMITATIONS.

A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, without prior approval of the Court. Documents that fail to comply with this provision shall not be filed by the Clerk.

(h) MOTIONS FOR SUMMARY JUDGMENT.

> (1) Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities and proposed order as required by LCvR 7(a), (b) and (c). In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are

admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

(2) Paragraph (1) shall not apply to cases in which judicial review is based solely on the administrative record. In such cases, motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record.